**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

GUCCI AMERICA, INC.,

               Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A"

               Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Gucci America, Inc. ("Plaintiff" or "Gucci") hereby sues Defendants, the

Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto

(collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing

goods bearing counterfeits and confusingly similar imitations of Gucci's trademarks within this

district through various Internet based e-commerce stores using the seller identities set forth on

Schedule "A" hereto (the "Seller IDs"). In support of its claims, Gucci alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for federal trademark counterfeiting and infringement, false

designation of origin, common law unfair competition, and common law trademark infringement

pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a).

Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §

1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Gucci's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, and selling infringing products to consumers in Florida.

<u>**THE PLAINTIFF**</u>

4.     Gucci is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at 195 Broadway, 14th Floor, New York, New York 10007. Gucci operates boutiques throughout the world, including within this district. Gucci is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 14 below and identified in Schedule "B" hereto. Gucci offers for sale and sells its trademarked goods within the State of Florida, including this district. Defendants, through the sale and offer to sell counterfeit and infringing Gucci branded products, are directly, and unfairly, competing with Gucci's economic interests in the State of Florida and causing Gucci harm within this jurisdiction.

5.      Like many other famous trademark owners in the luxury goods market, Gucci suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Gucci's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Gucci name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Gucci expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars.  The recent explosion of counterfeiting over the Internet, particularly through online marketplace platforms, has created an environment that requires companies, such as Gucci, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to Gucci's brand.

## THE DEFENDANTS

7.      Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, and conduct pervasive business through the

operation of, at least, one fully interactive commercial Internet based e-commerce store via the Internet marketplace websites, Amazon.com, Bonanza.com, eBay.com, and/or iOffer.com, under the Seller IDs.

8.     Defendants are the past and present controlling forces behind the sale of products bearing counterfeits and infringements of Gucci's trademarks as described herein using at least the Seller IDs.

9.     Upon information and belief, Defendants directly engage in unfair competition with Gucci by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Gucci's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Gucci. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Gucci branded goods into the State.

10.     Defendants have registered, established or purchased, and maintained their Seller IDs.  Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller ID. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

11.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing

counterfeit and confusingly similar imitations of Gucci's trademarks unless preliminarily and permanently enjoined.

12.     Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Gucci and others.

13.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Gucci's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Gucci. Moreover, Defendants are using Gucci's famous brand name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Gucci's legitimate marketplace at Gucci's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14.     Gucci is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, "Gucci Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office.  The Gucci Marks are used in connection with the manufacture and distribution of high quality goods in the categories also identified in Schedule "B."  True and correct copies of the Certificates of Registration for the Gucci Marks are attached hereto as Composite Exhibit "1."

15.     The Gucci Marks have been used in interstate commerce to identify and distinguish Gucci's high quality goods for an extended period of time.

16.     The Gucci Marks are symbols of Gucci's quality, reputation and goodwill and have never been abandoned.

17.     The Gucci Marks are well known and famous and have been for many years. Gucci has expended substantial time, money and other resources developing, advertising and otherwise promoting the Gucci Marks. The Gucci Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18.     Further, Gucci has extensively used, advertised, and promoted the Gucci Marks in the United States in association with the sale of high quality luxury goods. Gucci has spent millions of dollars promoting the Gucci Marks and products bearing the Gucci Marks. In recent years, annual sales of products bearing the Gucci Marks have totaled in the hundreds of millions of dollars within the United States.

19.     As a result of Gucci's efforts, members of the consuming public readily identify merchandise bearing or sold under the Gucci Marks as being high quality merchandise sponsored and approved by Gucci.

20.     Accordingly, the Gucci Marks have achieved secondary meaning as identifiers of high quality luxury goods.

21.     Gucci has carefully monitored and policed the use of the Gucci Marks and has never assigned or licensed the Gucci Marks to any of the Defendants in this matter.

22.     Genuine Gucci branded goods bearing the Gucci Marks are widely legitimately advertised and promoted by Gucci, its authorized distributors, and unrelated third parties via the Internet.  Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Gucci's overall marketing and consumer education efforts. Thus, Gucci expends significant

monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Gucci and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Gucci brand and the goods sold thereunder.

**Defendants' Infringing Activities**

23.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including handbags, belts, hats, footwear, shirts, polo shirts, jackets, and protective covers and cases for mobile electronic devices in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Gucci Marks (the "Counterfeit Goods") through at least the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the Gucci Marks for different quality goods. Gucci has used the Gucci Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Gucci's merchandise.

24.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Gucci's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Gucci, despite Defendants' knowledge that they are without authority to use the Gucci Marks.  The net effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Gucci.

25.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on, at least, one Internet marketplace website using, at least, the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the Gucci Marks without Gucci's permission. The misappropriation of Gucci's advertising ideas in the form of the Gucci Marks is the proximate cause of damage to Gucci.

26.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing and benefitting from substantially similar, paid advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Gucci Marks. Specifically, Defendants are using counterfeits and infringements of Gucci's famous name and the Gucci Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Gucci's genuine goods. Defendants are causing concurrent and indivisible harm to Gucci and the consuming public by (i) depriving Gucci and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Gucci's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Gucci Marks, and (iii) increasing Gucci's overall cost to market its goods and educate consumers about its brand via the Internet.

27.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Gucci and the consuming public for Defendants' own benefit.

28.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Gucci's ownership of the Gucci Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Defendants' use of the Gucci Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Gucci's consent or authorization.

30.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Gucci's rights for the purpose of trading on Gucci's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Gucci and the consuming public will continue to be harmed.

31.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Gucci's genuine goods and Defendants' Counterfeit Goods, which there is not.

32.     Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Gucci.

33.     Gucci has no adequate remedy at law.

34.     Gucci is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Gucci Marks.  If Defendants' counterfeiting and infringing, and unfairly competitive activities are not

preliminarily and permanently enjoined by this Court, Gucci and the consuming public will continue to be harmed.

35.     The harm and damages sustained by Gucci have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

36.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

37.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Gucci Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

38.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the Gucci Marks.  Defendants are continuously infringing and inducing others to infringe the Gucci Marks by using them to advertise, promote and sell counterfeit and infringing goods.

39.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

40.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Gucci and are unjustly enriching Defendants with profits at Gucci's expense.

41.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Gucci Marks in violation of Gucci's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Gucci has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

43.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

44.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of the Gucci Marks have been widely advertised and offered for sale throughout the United States via Internet marketplace websites.

45.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the Gucci Marks are virtually identical in appearance to Gucci's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

46.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Gucci's detriment.

47.     Defendants have authorized infringing uses of the Gucci Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

48.     Additionally, Defendants are using counterfeits and infringements of the Gucci Marks in order to unfairly compete with Gucci and others for space within search engine organic results, thereby jointly depriving Gucci of a valuable marketing and educational tool which would otherwise be available to Gucci and reducing the visibility of Gucci's genuine goods on the World Wide Web.

49.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50.     Gucci has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Gucci will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION.

51.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

52.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Gucci Marks in violation of Florida's common law of unfair competition.

53.     Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the Gucci Marks. Defendants are also using counterfeits and infringements of the Gucci Marks to unfairly compete with Gucci and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

54.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Gucci Marks.

55.     Gucci has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

56.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

57.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Gucci Marks.  Gucci is the owner of all common law rights in and to the Gucci Marks.

58.     Specifically, Defendants, upon information and belief, are manufacturing, promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Gucci Marks.

59.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Gucci Marks.

60.     Gucci has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

61.     WHEREFORE, Gucci demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Gucci Marks; from using the Gucci Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Gucci; from falsely representing themselves as being connected with Gucci, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Gucci; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Gucci Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as

14

being those of Gucci, or in any way endorsed by Gucci and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Gucci's name or trademarks and from otherwise unfairly competing with Gucci.

      b.     Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Gucci Marks be disabled by the applicable governing Internet marketplace website.

      c.     Entry of an Order that, upon Gucci's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon.com, Inc., Bonanza.com, Inc., eBay Inc., and iOffer, Inc., permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Gucci Marks via the e-commerce stores operating under the Seller IDs, including any and all listings and images of goods bearing counterfeits and/or infringements of the Gucci Marks linked to the same seller or linked to any other alias seller identification name being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Gucci Marks.

      d.     Entry of an Order that, upon Gucci's request, any Internet marketplace website operators and/or administrators, including but not limited to Amazon.com, Inc., Bonanza.com, Inc., eBay Inc., and iOffer, Inc., who are provided with notice of the injunction, immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Gucci Marks in its inventory, possession, custody, or control, and surrender those goods to Gucci.

    e.  Entry of an Order requiring Defendants to account to and pay Gucci for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Gucci be trebled, as provided for under 15 U.S.C. §1117, or, at Gucci's election with respect to Count I, that Gucci be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

    f.  Entry of an award of Gucci's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

    g.  Entry of an Order that, upon Gucci's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc., PayPal, Inc., and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Gucci in partial satisfaction of the monetary judgment entered herein.

    h.  Entry of an award of pre-judgment interest on the judgment amount.

    i.  Entry of an Order for any further relief as the Court may deem just and proper.

DATED: October 10, 2016.                    Respectfully submitted,

                                            STEPHEN M. GAFFIGAN, P.A.

                                            By: **s/Stephen M. Gaffigan**
                                            Stephen M. Gaffigan (Fla. Bar No. 025844)
                                            Virgilio Gigante (Fla. Bar No. 082635)
                                            T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
                                            401 East Las Olas Blvd., Suite 130-453
                                            Ft. Lauderdale, Florida 33301
                                            Telephone: (954) 767-4819
                                            Facsimile: (954) 767-4821
                                            E-mail: Stephen@smgpa.net
                                            E-mail: Leo@smgpa.net
                                            E-mail: Raquel@smgpa.net

                                            Attorneys for Plaintiff
                                            GUCCI AMERICA, INC.

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SELLER IDs**

| Def. No. | Defendant / Seller ID |
|---|---|
| 1 | ACS Connect |
| 2 | Amous design |
| 2 | Bottle Glass design |
| 2 | dasghdfsad |
| 2 | Flash quick |
| 2 | Night lightning |
| 2 | Occern electronic |
| 2 | Ramo electronic |
| 3 | CrystalMX |
| 4 | cz9026 BETSAIDA |
| 4 | dndin dfje |
| 5 | LIN SHI QI YE |
| 5 | miaoxinhui |
| 5 | YUNER LIN |
| 6 | eric eason |
| 7 | FENGHAOGU |
| 8 | FRANCIS ROBERTS |
| 8 | MERALDA PEREZ |
| 9 | Grandchin |
| 10 | HiHi00 |
| 11 | Hot monkey |
| 11 | Little B stars |
| 12 | huazhongxian |
| 13 | iga8877 |
| 13 | jrf2276 |
| 13 | lfp9850 |
| 13 | lvd014 |
| 13 | mhbfjw |
| 13 | pkzoxk |
| 13 | qk9423 VIRGEN |
| 13 | samlpb |
| 13 | uveago |
| 13 | vwz8132 |
| 14 | JANICE CORREA |
| 15 | jinquansale |
| 16 | JOSE VELEZo |
| 17 | Jrhohuade |
| 17 | Kbweier |
| 17 | stonearea |
| 17 | xunyan-fashion |
| 18 | Kristen Swenson |

| Def. No. | Defendant / Seller ID |
|----------|----------------------|
| 19 | LeonBarnes |
| 20 | ocfikaqr |
| 21 | SHENITA STOKES |
| 22 | Telokasy |
| 23 | Timothyws |
| 24 | Tintin Kee |
| 25 | uensara |
| 26 | Vivian shirt |
| 27 | Willycsunte |
| 28 | wodetianskjhu |
| 29 | yandianzhao |
| 30 | YaoFa Garments |
| 30 | YES BAOK CASE |
| 31 | sopelah |
| 32 | bloomy0518 |
| 32 | luwan85 |
| 33 | deli851105 |
| 33 | chunniu85 |
| 34 | goodsmall-us |
| 35 | housmonkey |
| 36 | protection14 |
| 37 | caohuid888 |
| 37 | lianliankx |
| 37 | zhimin886 |
| 38 | futefukesi999 |
| 39 | qingchuyulan |

## SCHEDULE "B"
## PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| | 1,106,722 | November 21, 1978 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, and bathing suits. |
| | 1,158,170 | June 23, 1981 | IC 025 – clothing-namely, neckties, scarves, belts, footwear, shirts, coats, hats, dresses, and bathing suits. |
| GUCCI | 1,168,477 | September 8, 1981 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dressing gowns, hats, socks, dresses, and bathing suits. |
| | 3,039,629 | January 10, 2006 | IC 025 – footwear and belts. |
| | 3,039,630 | January 10, 2006 | IC 018 – wallets, purses, handbags, tote bags, business card cases, credit card cases and key cases, partly or wholly of leather. |
| | 3,072,547 | March 28, 2006 | IC 025 – neckties, scarves, belts, footwear and gloves. |
| | 3,072,549 | March 28, 2006 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases, and duffles. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| **GG** | 3,378,755 | February 5, 2008 | IC 009 – eyeglass frames and sunglasses.<br><br>IC 014 – jewelry and watches.<br><br>IC 016 – agendas and notebooks.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles.<br><br>IC 025 – scarves, belts, footwear, shirts, sweaters, coats, suits. |
| | 4,229,081 | October 23, 2012 | IC 014 – jewelry.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attache cases, valises, suitcases and duffel bags.<br><br>IC 025 – neckties, scarves, belts, footwear and gloves. |
| (Green Red Green Stripe Design) | 4,379,039 | August 6, 2013 | IC 025 – shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, cloth bibs, scarves, ties, hats, gloves, suspenders, belts. |
| *Gucci* | 4,555,556 | June 24, 2014 | IC 018 – Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, duffel bags, business card cases, calling card cases, credit card cases, name card cases, key cases [and attache cases] |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 4,563,071 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic devices and computers.<br><br>IC 014 – watches. |
| GUCCI | 4,563,098 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic communication devices and computers; computer application software for all mobile devices, namely, software for providing information in the field of fashion, the arts and lifestyle. |
| <br>(Green Red Green Stripe Design) | 4,567,112 | July 15, 2014 | IC 014 – jewelry and key rings of precious metal.<br><br>IC 009 – eyeglasses and sunglasses and cases therefor; protective covers and cases for mobile electronic communication devices and computers; cell phone straps; computer carrying cases.<br><br>IC 018 – cosmetic cases sold empty, suitcases, luggage, duffle bags, diaper bags partly and wholly of leather; pet accessories, namely, carriers, collars and leashes. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 4,583,258 | August 12, 2014 | IC 009 – protective covers and cases for mobile electronic communications devices and computers; computer cases made of leather.<br><br>IC 014 – watches.<br><br>IC 018 –  backpacks, trollies, baby bags, computer cases made of leather, garment bags, pet accessories, namely, carriers, collars and leashes; pet collar accessories, namely, charms.<br><br>IC 025 – clothing, namely, shirts and jackets. |